UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, <br><br> Petitioner, <br><br> v. <br><br> LISA PARMERLEE, et al., <br><br> Respondents. | Case No. 19-mc-80298-JSC <br><br> **RESPONDENTS' MOTION TO VACATE ARBITRATION AWARD** <br><br> Re: Dkt. No. 1 |

Lisa Parmerlee and Thomas C. Lally and Nancy G. Lally (as Trustees of the Thomas C. Lally and Nancy G. Lally Revocable Trust, Dr. Thomas Lally, and Dr. Thomas Lally's IRA) (collectively, "Respondents") seek an order vacating an arbitration award issued in favor of Scottsdale Insurance Company ("Scottsdale" or "Petitioner"), pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a). (Dkt. No. 1.)[1] After careful consideration of the parties' briefing, the Court concludes that oral argument is not necessary, and stays Respondents' motion[2] pending completion of the related state court proceedings.[3]

## BACKGROUND[4]

The arbitration arose out of Petitioner's efforts to resolve an insurance coverage dispute with Respondents involving two underlying Financial Industry Regulatory Association ("FINRA") actions. (Dkt. No. 1-1 at 7.) Those actions involved alleged wrongful acts by FINRA-licensed broker Don DeWaay, who was insured by Scottsdale and whose clients included Respondents.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Although Respondents are the "petitioners" in this matter, they have maintained the caption used in the underlying state court action. Scottsdale's opposition notes this discrepancy but likewise uses the state court caption "for ease of reference." (*See* Dkt. No. 11 at 7 n.1.) The Court does the same.
[3] The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Dkt. Nos. 24 & 25.)
[4] The Court incorporates by reference the background included in the Arbitration Panel's order denying the parties' cross motions for summary judgment. (*See* Dkt. No. 1-1, Ex. B at 7-12.)

(*Id.* at 8.) Respondents alleged that Mr. DeWaay's investment advice and actions "were wrongful and resulted in substantial losses in their portfolios." (*Id.*)

In 2016, Scottsdale filed petitions to compel arbitration in the Superior Court of California, County of Santa Clara, to arbitrate the insurance coverage dispute. (Dkt. Nos. 12-3, Ex. C & 12-4, Ex. D.) The court granted Scottsdale's unopposed, amended petition in February 2017. (Dkt. No. 12-5, Ex. E at 2.) In June 2017, Mr. DeWaay entered into a settlement agreement with Respondents regarding the underlying FINRA actions; the agreement included an assignment of Mr. DeWaay's rights under the Scottsdale policy ("Policy"). (*Id.* at 11-12; *see also* Dkt. No. 12-6, Ex. F.) Respondents then "filed a cross-claim against Scottsdale for indemnity and bad faith." (Dkt. No. 12-20, Ex. T at ¶ 13.)

Following the February 2017 order compelling arbitration, Scottsdale selected attorney William Kronenberg and Respondents selected attorney Val Hornstein as their respective party arbitrators. (Dkt. No. 12-12, Ex. L at 2.) The party arbitrators then "jointly selected Hon. Bonnie Sabraw (Ret.) of ADR Services, Inc. as the neutral third arbitrator." (*Id.*) The parties filed cross motions for summary judgment , which the Arbitration Panel denied following a hearing on October 19, 2018. (Dkt. No. 1-1, Ex. B.)

In April 2019, Respondents notified the panel and Petitioner that Respondents "were prepared to forgo the further involvement of their party arbitrator, Mr. Hornstein," for financial reasons, and would "proceed to arbitration with a two-arbitrator panel[ ] consisting of Mr. Kronenberg and Judge Sabraw." (*Id.* at 3.) The parties filed a stipulation to that effect, waiving their right under the Policy's arbitration provision to proceed with three arbitrators. (*Id.*) In May 2019, "three court days before the scheduled arbitration hearing and 18 days after submitting the signed stipulation to waive a party [a]rbitrator," Respondents requested to reinstate a party arbitrator. (Dkt. No. 12-20, Ex. T at ¶ 17.) Scottsdale objected to the request. (*Id.* at ¶ 18.) The Panel requested briefing on the issue and then denied the request, "finding that: (1) the alleged change of financial circumstance on the eve of the arbitration hearing was not the type of change in circumstances warranting rescission of an informed, reasoned and knowing waiver, and (2) there would be no resulting prejudice." (*Id.*)

The arbitration commenced on May 20, 2019. (Dkt. No. 12-17, Ex. Q.) The parties submitted post-arbitration briefing, and on July 9, 2019, the Panel issued an interim award in favor of Scottsdale on all claims. (Dkt. No. 12-20, Ex. T at ¶ 19; *see also* Dkt. No. 12-17, Ex. Q.) On September 16, 2019, Respondents filed a request with Judge Sabraw that she recuse herself from the matter "based upon financial bias or undue means." (Dkt. No. 1-1, Ex. F at 73.) Respondents' request asserted that since Judge Sabraw's appointment as the neutral arbitrator, Scottsdale's counsel and its party arbitrator had offered to employ her on "eleven separate occasions," which she had accepted. (*Id.*) Scottsdale objected to the recusal request later that month. (Dkt. No. 1-2, Ex. G at 2.) Judge Sabraw responded to Respondents' request on October 3, 2019, filing an answer on the state court docket attesting to the disclosures she made to the parties "for all offers and acceptances of employment from a party or a lawyer for a party in this matter," pursuant to "California Code of Civil Procedure section 1281.9, California Rules of Court Ethics Standards for Neutral Arbitrators in Contractual Arbitration, Standard 7, 8, 12, et seq., and applicable rules, statutes and case law."[5] (Dkt. No. 12-20, Ex. T at ¶¶ 7-13.) Judge Sabraw further attested that she was "neither prejudiced nor biased in favor of or against any party or counsel," and declined to recuse herself in light of the absence of disqualifying conduct, and the "properly issued disclosures as required by California law." (*Id.* at ¶¶ 21-23.)

The Arbitration Panel issued its final arbitration award by order dated October 1, 2019, (Dkt. No. 12-21, Ex. U), which was served on the parties on October 22, 2019, (Dkt. No. 13 at ¶ 24). The order affirmed the interim award in favor of Scottsdale on all claims, but denied Scottsdale's motion to recover its litigation costs. (*See id.*) Respondents filed the instant motion to vacate the award on December 23, 2019. (Dkt. No. 1.) Three days later, Scottsdale filed a petition in state court to confirm the arbitration award; the hearing on that petition is scheduled for May 2020. (Dkt. Nos. 12-22, Ex. V & 23, Ex. W.)

---

[5] Judge Sabraw attested that ADR Services, Inc. issued a total of 16 notices to the parties from July 11, 2018 through September 20, 2019, pursuant to California Rules of Court Ethics Standards for Neutral Arbitrators in Contractual Arbitration, Standard 12(d). (Dkt. No. 12-20, Ex. T at ¶ 11.) The notices indicated that Judge Sabraw accepted 12 mediations, 3 arbitrations, "and a reference." (*Id.*) Judge Sabraw further attested that "[f]or the same period, [she] accepted a total of approximately 200 cases." (*Id.*)

3

**DISCUSSION**

Section 10(a) of the FAA provides the exclusive grounds on which a court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *see also U.S. Life Ins. v. Superior Nat'l Ins. Co.,* 591 F.3d 1167, 1173 (9th Cir. 2010) (holding that Section 10 lists the exclusive grounds for vacating an arbitration award). "Section 10(a)'s limited grounds are "designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Id.* (internal quotation marks and citation omitted).

Respondents move to vacate the arbitration award on the grounds that the arbitrator exhibited evident partiality against them and "exceeded her powers by issuing an irrational award." (Dkt. No. 1 at 1.) Scottsdale asserts that the Court should dismiss the motion on the grounds that: (1) it is "procedurally improper" because the Policy's arbitration clause provides that state court is the proper forum to bring a vacatur motion; and (2) the *Colorado River* doctrine applies. (*See* Dkt. No. 11 at 16.) Scottsdale also opposes the motion on the merits. Because the Court concludes that the *Colorado River* doctrine is applicable, it need not address the merits of Respondents' motion.

**I.     Forum Selection Clause**

Scottsdale's assertion that Respondents' motion is "procedurally improper" is essentially an argument that the Policy contains a valid forum selection clause and thus venue in this Court is improper. (*See* Dkt. No. 11 at 16 ("Plainly, a Superior Court having jurisdiction, not a federal

4

court, is the agreed-upon forum to bring a motion to vacate the arbitration award.").) A forum selection clause requires adjudication in the designated forum only if it is mandatory and confers exclusive jurisdiction on that particular court. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77-78 (9th Cir. 1987) (concluding that forum selection clause did not require adjudication in designated forum because its language "[did] not confer exclusive and mandatory jurisdiction" in that forum).

The Policy here provides, in pertinent part:

> The decision of any two arbitrators shall be final, binding and conclusive, and not subject to court review except as provided under California law. The submission of a dispute to the arbitrator(s) may be rendered by any Superior Court having jurisdiction; or such Court may vacate, modify, or correct the award in accordance with the prevailing sections of the California Arbitration Act.

(Dkt. No. 12-1, Ex. A at 42.) The question is whether the language stating that a California Superior Court "*may* vacate, modify, or correct the award in accordance with the prevailing sections of the [CAA]," means that a California Superior Court is the *only* body that can do so. (*See* Dkt. No. 12-1, Ex. A at 42.) It does not. The language is instead permissive (i.e., "may" instead of "shall"), *see Supreme Oil Co.*, 817 F.2d at 77 (noting that "shall" is a mandatory term), and does not provide that a California Superior Court is the *only* court that can vacate an arbitration award, *see id.* (finding forum selection clause "permissive rather than mandatory" where it did not "require[ ] *exclusive* jurisdiction"). Thus, the forum selection clause does not require adjudication in California Superior Court. Further, the Court has subject matter jurisdiction over Respondents' motion based on diversity of citizenship between the parties and an amount in controversy in the underlying action that exceeds $75,000, pursuant to 28 U.S.C. § 1332.[6] *See Luong v. Circuit City*, 368 F.3d 1109, 1111 (9th Cir. 2004) (noting that "federal courts

---

[6] Respondents' motion asserts that the Court has diversity jurisdiction over this matter but makes no factual allegations to support that assertion. (*See* Dkt. No. 1 at 5.) The Court is satisfied, however, that diversity jurisdiction exists. The parties' submissions indicate that Scottsdale has its "home office" in Columbus, Ohio and "administrative office" in Scottsdale, Arizona. (Dkt. No. 12-1, Ex. at 2.) The Ohio Secretary of State website indicates that Scottsdale is an Ohio corporation. *See* https://bizimage.ohiosos.gov/api/image/pdf/201824900252. Given that Respondents assert that there is diversity jurisdiction, the Court assumes that Respondents are not citizens of Ohio or Arizona. If that is not the case, then Respondents must notify the Court on or

must have an independent basis for federal jurisdiction to hear claims under the FAA").

## II. The *Colorado River* Doctrine

The *Colorado River* doctrine is "a form of deference to state court jurisdiction" and not a form of abstention. *Coopers v. Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1137 (9th Cir. 1990) (citing *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "Under *Colorado River*, considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter." *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (internal quotation marks and citations omitted). The doctrine is properly applied only in "exceptional circumstances." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983).

The threshold question when considering application of the *Colorado River* doctrine is whether the state and federal actions are "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989); *see also Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 845 (9th Cir. 2017) (noting that "sufficiently similar claims are necessary precondition" to application of the doctrine). "[E]xact parallelism" is not required. *Nakash*, 882 F.2d at 1416. Instead, "[p]roceedings are substantially similar when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Goodin v. Vendley*, 356 F. Supp. 3d 935, 944 (N.D. Cal. 2018) (internal quotation marks and citation omitted).

Here there is no question that the federal and state court proceedings are substantially similar. Respondents' motion to vacate the arbitration award arises out of arbitration conducted pursuant to the state court's order granting Scottsdale's motion to compel arbitration. Further, Scottsdale's motion to confirm the arbitration award is pending in state court and scheduled for hearing in May 2020. (*See* Dkt. No. 12-23, Ex. W.)

---

before March 25, 2020. Finally, the amount in controversy exceeds $75,000 because Respondents seek over $100 million in damages in the underlying indemnity and bad faith claims, (*see* Dkt. No. 1-1, Ex. B at 33).

## A. *Colorado River* Factors

Having determined that the matters are substantially similar, the Court turns to the following eight factors courts are to consider in determining whether the *Colorado River* doctrine applies:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011) (footnotes omitted). The factors should be weighed in a "pragmatic, flexible manner with a view to the realities of the case at hand" and "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses Cone*, 460 U.S. at 16, 21. The Court addresses the factors in turn.

### 1. Which Court First Assumed Jurisdiction Over Property at Stake

There is no property at stake; however, the parties dispute the Arbitrator's award. At least one court in this District has found that an arbitration award "is sufficiently singular" such that it constitutes "property," and that this factor weighs in favor of applying the doctrine where a petition to confirm the award is pending in state court and a petition to vacate the same award is in federal court. *See NitGen Co. v. SecuGen Corp.*, No. C 04-02912 JW (RS), 2004 WL 2303929, at *5 (N.D. Cal. Oct. 12, 2004). Further, because the state court compelled arbitration, it retains jurisdiction over the subsequent award. California Code of Civil Procedure § 1292.6 provides that:

> After a petition has been filed under this title, the court in which such petition was filed retains jurisdiction to determine any subsequent petition involving the same agreement to arbitrate and the same controversy, and any such subsequent petition shall be filed in the same proceeding.

Cal. Code Civ. Proc. § 1292.6. As previously discussed, the state court granted Scottsdale's unopposed petition to compel arbitration in February 2017. (*See* Dkt. No. 12-5, Ex. E at 2.) Thus, under the CAA, the state court has "continuing jurisdiction" over any subsequent petition concerning that arbitration. *See* Cal. Code Civ. Proc. § 1292.6. In other words, the state court first

1 obtained jurisdiction over any award in February 2017, when it compelled arbitration.

2 Accordingly, this factor weighs in favor of deferring to the state court.

### 2. Inconvenience of Federal Forum

This factor is neutral because both the federal and state court are located in the Bay Area and are therefore equally convenient.

### 3. Desire to Avoid Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Trans. Ins. Co.*, 656 F.3d at 979. Based on Scottsdale's pending state court petition to confirm the arbitration award, if the Court retains jurisdiction over Respondents' vacatur motion then both courts will address the same issue—whether the arbitration award should be confirmed—independently. Thus, there is not a "mere possibility" of piecemeal litigation, but a significant risk of duplication of effort. *See id.* (noting that the "[t]he mere possibility of piecemeal litigation does not constitute an exceptional circumstance"). The likelihood of such duplication of effort weighs heavily in favor of deferring to the state court.

### 4. Order in Which Forums Obtained Jurisdiction

The state court obtained jurisdiction over the underlying action in March 2016 when Scottsdale filed its original petition to compel arbitration. (*See* Dkt. No. 12-3, Ex. C.) The undersigned obtained jurisdiction well over three years later when Respondents filed the instant motion to vacate the arbitration award in December 2019. (*See* Dkt. No. 1.) And although Respondents filed their vacatur motion in federal court three days before Scottsdale filed its petition in state court, "the state court is more familiar with the proceedings and circumstances between the parties." *See NitGen*, 2004 WL 2303929, at *5. Not only did the state court compel the arbitration giving rise to the disputed award, but Judge Sabraw filed her October 2019 response to Respondents' request for recusal in state court; her response addresses the same allegations of bias underlying Respondents' motion to vacate the arbitration award. (*See* Dkt. No. 12-20, Ex. T.) Conversely, Respondents' vacatur motion was this Court's introduction to the underlying action. Accordingly, this factor weighs in favor of declining to exercise jurisdiction.

8

### 5. Whether Federal Law or State Law Controls

Under the Policy's arbitration provision, the parties agreed to be bound by California state law and conduct arbitration under the CAA. As previously discussed, "[w]here state arbitration rules control arbitration proceedings, [courts] must apply the state vacatur standard." *See Johnson*, 614 F.3d at 1067. Further, to the extent Respondents assert that the FAA applies instead of the CAA, the state court has concurrent jurisdiction to confirm or vacate an arbitration award under the FAA. *See, e.g., Moses Cone*, 460 U.S. at 25 ("[F]ederal courts' jurisdiction to enforce the [FAA] is concurrent with that of the state courts."); *Hinman v. Fujitsu Software Corp.*, No. C05-03509 MJJ, 2006 WL 358073, at *3 (N.D. Cal. Feb. 13, 2006) (same); *NitGen Co.*, 2004 WL 2303929, at *6 n.4 (same). Finally, the claims at issue in the arbitration are state law claims for breach of insurance contract and bad faith. Accordingly, this factor weighs in favor of declining to exercise jurisdiction.

### 6. Whether State Court Proceedings can Protect the Parties' Rights

There is no indication that the state court, which compelled the arbitration giving rise to the award, cannot adequately protect the parties' rights. Indeed, Respondents do not argue that the state court is deficient in that regard. (*See* Dkt. No. 17 at 6-7.) Accordingly, this factor weights in favor of deferring to the state court.

### 7. Desire to Avoid Forum Shopping

"When evaluating forum shopping under *Colorado River*, [courts] consider whether either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding." *Seneca*, 862 F.3d at 846. There is no indication of improper forum shopping here. The parties acknowledge that the FAA and CAA rules for vacatur are similar, (*see* Dkt. Nos. 11 at 28 & 17 at 8), and the state court has yet to issue any substantive ruling in the underlying action adverse to either party; indeed, Respondents did not oppose Scottsdale's amended petition to compel arbitration, (*see* Dkt. No. 12-5, Ex. E at 2). Accordingly, this factor is neutral.

### 8. Whether the State Court Action Will Resolve the Issue

The final factor the Court considers is whether the state court action will resolve all the

issues here. A stay is appropriate "if [the court] has full confidence that the parallel state proceeding will 'be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (quoting *Moses Cone*, 460 U.S. at 28). Here, the only issue before the Court is whether the arbitration award should be vacated. Because the state court has continuing jurisdiction over the award pursuant to California Code of Civil Procedure § 1292.6, and Scottsdale's petition to confirm the same award is pending in state court and set for hearing in May 2020, there is no indication that the state court is an inadequate vehicle to resolve the parties' dispute.

\*\*\*

On balance, six of the eight *Colorado River* factors weigh in favor of declining to exercise jurisdiction in this matter and two are neutral. Thus, "exceptional circumstances" exist and deferring to the state court is warranted. *See Moses Cone*, 460 U.S. at 19. Given that the state court compelled arbitration and retains jurisdiction over the award under California law, and Scottsdale's petition to confirm the award is pending in that court, declining to exercise jurisdiction promotes "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *See Colorado River*, 424 U.S. at 817 (alteration in original) (internal quotation marks and citation omitted). Indeed, "it would be unseemly under these circumstances for a federal court to jump into this litigation." *See Jenks v. DLA Piper (US) LLP*, No. 13-cv-05381-VC, 2014 WL 3381947, at \*9 (N.D. Cal. July 10, 2014).

**IV.    Stay or Dismiss**

Scottsdale argues that the Court should dismiss Respondents' motion under the *Colorado River* doctrine. (Dkt. No. 11 at 17-18.) The Court declines to do so. The Ninth Circuit "generally require[s] a stay rather than a dismissal" when courts apply the doctrine. *Trans. Ins. Co.*, 656 F.3d at 979 n.8 (citing *Coopers*, 912 F.2d at 1136). Staying rather than dismissing the action "ensures that the federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate," and "will have no practical effect if all issues are in fact resolved by the state proceeding." *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 244 (9th Cir. 1989). Accordingly, the Court stays the action.

## CONCLUSION

For the reasons stated above, the Court stays Respondents' motion to vacate the arbitration award pending resolution of the state court action.

This Order disposes of Docket No. 1.

**IT IS SO ORDERED.**

Dated: March 23, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge